IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KIMBERLY KENNEY**                                                                            **PLAINTIFF**

**VS.**                                    **4:16CV00660 JM**

**RAINWATER, HOLT & SEXTON, P.A.**
**AND SARAH BABER**                                                     **DEFENDANTS**

## ORDER

Plaintiff has filed the following documents *pro se*: (1) Application to proceed *in forma pauperis*, and (2) Complaint.

There is a two-step process to be followed by the district court in considering whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis*. *Martin-Trigona v. Stewart*, 691 F.2d 856 (8th Cir. 1982). First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a). If he does, the complaint is permitted to be filed. *Id*. Second, assuming the allegation of poverty is not untrue, a determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If so, the complaint is to be dismissed. *Id.* Because it appears that plaintiff's economic situation qualifies her for *in forma pauperis* status, the Court hereby grants plaintiff's application to so proceed. (Docket # 1)

The Court now turns to the determination of whether, pursuant to § 1915(e)(2)(B), this action should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A United States district court has jurisdiction over two kinds of civil cases – cases that present a federal question and in diversity-of-citizenship cases. First, a United States district

court has jurisdiction over civil actions arising under the constitution, laws, or treatises of the United States. 28 U.S.C. § 1331. Secondly, a United States district court has jurisdiction over civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and cost, and is between citizens of different states. 28 U.S.C. § 1332(a). Thus, a complaint in federal court must allege a claim based upon federal law or a claim under circumstances in which the court has diversity of citizenship jurisdiction.

Plaintiff alleges that she was involved in two automobile accidents in 2013. She was represented by Sarah Baber, and Ms. Baber's law firm, Rainwater, Holt & Sexton, regarding these accidents. Plaintiff alleges that the Defendants committed malpractice by breach of fiduciary duty, breach of contract, fraud and negligence in handling her cases. These claims are not based upon federal law and there is no diversity of citizenship alleged. Therefore, the Court lacks jurisdiction over Plaintiff's claims and her Complaint must be dismissed without prejudice.

In conclusion, application to proceed *in forma pauperis* (ECF No. 4) is GRANTED and her Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED this 6th day of October, 2016.

_____
James M. Moody Jr.
United States District Judge